## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation established pursuant to 12 U.S.C. § 1716 et seq., <br><br> Plaintiff, <br><br> v. <br><br> MARSHALL REED 2003, LLC, now known as CAMPUS HABITAT 3, LLC, an Illinois limited liability company, the ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, an Illinois administrative agency; UNITED STATES OF AMERICA, Department of the Treasury – Internal Revenue Service; AMERICAN FLOORING BY ZACH NIEMANN, INC., an Illinois Corporation, <br><br> Defendants. | No. 12-cv-00017-DRH-SCW <br><br> Hon. David R. Herndon <br><br> Magistrate Judge Stephen C. Williams |

## ORDER FOR APPOINTMENT OF A RECEIVER

**HERNDON, Chief Judge:**

This matter coming to be heard on Federal National Mortgage Association's ("Fannie Mae") renewed and amended motion for the appointment of a receiver (Doc. 17) and Marshall Reed 2003, LLC, now known as Campus Habitat 3, LLC's stipulation and consent to appointment of receiver (Doc. 18-5). Due notice having been served on all parties, and the Court being duly advised in the premises, the Court hereby enters the following Findings and Orders:

**FINDINGS**

1. The Court finds that the real estate located at 511 South Graham Avenue, Carbondale, IL 62901 (the "Property") is not a single family dwelling occupied by the mortgagor as a place of residence or homestead.

2. Fannie Mae has the right, pursuant to the terms of the Note and Mortgage, executed by Marshall Reed 2003, LLC, now known as Campus Habitat 3, LLC dated February 4, 2008, and pursuant to the Illinois Mortgage Foreclosure Law, 735 ILCS §§ 5/15-1101 et seq. to seek the appointment of a receiver to preserve, protect, and manage the Property during the pendency of this action.

3. Because of Byron Plant's experience and expertise in connection with receiverships of commercial properties similar in nature and size to the Property at issue, Byron Plant is qualified to act as receiver.

4. Good cause has been shown for the appointment and compensation of Byron Plant as receiver.

5. Fannie Mae has established a prima facie case that appointment of a receiver is both necessary and proper.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

6. Byron Plant is hereby appointed Receiver of the Property, with all of the usual powers of receivers as set forth in the Illinois Mortgage Foreclosure Law, 735 ILCS §§ 5/15-1101 et seq.

7. Byron Plant and/or any of his agents and/or employees is empowered and directed to take charge and possession of all property immediately.

8. All defendants, including their agents, employees, partners, servants, and assigns shall surrender the following to Byron Plant within three (3) business days: (a) any and all books and records relating to or in connection with the management, leasing, revenues, tenant expenses, and operation of the Property, which shall include but shall not be limited to original signed leases, current rent roll, real estate tax bills and any proceeding related thereto, operating statements for the Property, notices of delinquencies to tenants, service contracts, and insurance policies; and (b) all rent collected for the months of October, November, and December of 2011 and all security deposits and other documentation necessary to the continuing management of the Property. Defendants shall further surrender immediately to Byron Plant all keys to the Property.

9. All persons now in possession of the Property, or any portion of the Property, who are not in possession of the Property by virtue of valid and subsisting leases shall immediately surrender possession to Byron Plant.

10. Byron Plant is authorized to institute and to prosecute all legal proceedings necessary for the proper care and protection of the Property, including the right to institute repossession or other proceedings against any tenant who fails to pay the rent due or to become due during the term of the receivership.

11. Byron Plant shall have the usual powers of a receiver, including, without limitation, the power to operate, manage, and conserve the Property, to collect the rents, issues, and profits therefrom, to incur any reasonable expenses, and to obtain funds necessary to operate, manage, and conserve the Property, to find tenants and to negotiate and execute leases for the Property, to insure the Property against loss by fire or otherwise (with plaintiffs and defendants as additional insureds as their interests may appear), to make necessary repairs to

the Property, to pay the taxes that may hereafter be levied against the Property, to retain a management agent and other personnel and to retain counsel to advise it in the performance of his duties.

12. Byron Plant is authorized to enter into such agreements in connection with the protection, possession, preservation, control, management and operation of the Property as he may deem advisable, and to incur such expenses and liabilities and make such disbursements out of the proceeds of the Property as may in its judgment be advisable, useful or necessary in connection with the foregoing, including, but not limited to, payment of real estate taxes and utility bills and assessments, payment of general expenses for maintenance and repair to the Property and procurement of proper insurance coverage.

13. Byron Plant is authorized to employ such agents and employees as may in its judgment be advisable, useful or necessary in the protection, possession, preservation, control, management and operation of the Property and to make such payments and disbursements out of the proceeds of the Property as may be necessary and proper for the protection, possession, preservation, control, management and operation of the Property.

14. Asset Plus shall be compensated for the fair and reasonable value of its services out of the proceeds from the Property at a rate of the greater of 5% of gross monthly collections or $5,000 monthly, and shall be reimbursed for supervisory travel expenses.

15. Because Campus Habitat 3, LLC, has stipulated and consented to the appointment of Byron Plant as receiver (Doc. 18-5), the Court finds that pursuant to 735 ILCS § 5/15-1705(b) and 735 ILCS § 5/2-415 bond is not required.

16. Bryon Plant shall comply with all notice provisions as set forth in 735 ILCS § 5/15-704(f), and shall file an affidavit with the Court indicating that it

has complied with 735 ILCS § 5/15-704(f) no later than 21days after the entry of this Order.

17. Not later than 30 days hereafter, Byron Plant shall file with this Court a report detailing the income and expenses for the Property and setting forth the status of the Property.

18. In addition to the filing of this initial report, Byron Plant shall provide monthly operating reports showing income expenses for the property, including a brief status report on the Property to the mortgagee and mortgagor through their respective attorneys.

19. Upon the termination of the receivership, Byron Plant shall file a final report with this Court for approval and direction for distribution of funds, together with a final fee application.

**IT IS SO ORDERED.**

**Signed this 6th day of February, 2012.**

David R. Herndon
2012.02.06
15:17:20 -06'00'

**Chief Judge**
**United States District Court**